IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| D & I ENTERTAINMENT LLC d/b/a, DMC WEST a.k.a. DIAMOND MEN'S CLUB WEST </br></br>Plaintiff,</br></br>v.</br></br>City of Elyria, Ohio,</br></br>Defendant. | CASE NO. 1:06 CV 483 </br></br></br></br></br>JUDGE DONALD C. NUGENT </br></br>MEMORANDUM OPINION AND ORDER |

This matter is before the Court on the Defendant's Motion for Abstention Pursuant to Younger v. Harris. (ECF #8). The motion is opposed by the Defendants (ECF #21). Having carefully considered the legal and factual issues raised, and for the reasons that follow, the motion for abstention is hereby GRANTED.

**PROCEDURAL BACKGROUND**

Plaintiff opened its business in the City of Elyria on February 1, 2006. Employees of Elyria determined that the business violated city ordinances dealing with zoning restrictions for

adult entertainment facilities. The city issued a cease and desist order on February 28, 2006. Plaintiff filed the present action in this Court, seeking declaratory judgment and injunctive relief preventing the the City of Elyria ("Elyria") from enforcing the zoning ordinances against them on March 2, 2006. The following day, Elyria filed a civil complaint against the Defendant in the Lorain County Court of Common Pleas seeking injunctive relief to prohibit Defendant from providing Adult-Only Entertainment on its premises in violation of Elyria's zoning ordinances. Defendant filed a Notice of Removal claiming that the City's enforcement action actually seeks to restrict its First Amendment right of free expression in violation of the United States Constitution. That case was remanded back to the state court on June 30, 2006.

## ANALYSIS

Even where Federal courts technically have jurisdiction to hear a particular case, they are, under some circumstances, obliged to abstain from exercising that jurisdiction if it will interfere with a state's ability to enforce its own laws.

> The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection. The Judicial Code provides ample opportunity for ultimate review here in respect of federal questions. An intolerable condition would arise if, whenever about to be charged with violating a state law, one were permitted freely to contest its validity by an original proceeding in some federal court.

Fenner v. Boykin, 271 U.S. 240, 244 (1926)(citing Hygrade Provision Co. v. Sherman, 266 U.S. 497, 500. Pursuant to the principles set forth above, and adopted in the United State Supreme Court case of Younger v. Harris, and its progeny, federal courts may abstain from interfering

with state laws when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the federal plaintiff an adequate opportunity to raise his constitutional claims. See, e.g., Younger v. Harris, 401 U.S. 37 (1971); Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Fieger v. Thomas, 74 F.3d 740 (6th Cir. 1996). Abstention from the exercise of federal jurisdiction is an extraordinary step which is justified only when allowing the state court exclusive leave to proceed would clearly serve an important countervailing interest. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976).

  A. State Proceedings are Pending.

Plaintiff argues that the Younger requirements for abstention cannot be met because this case was filed in federal court one day prior to the City's filing of its enforcement action in the state court. This case was filed on March 2, 2006, while the City's enforcement action was filed on March 3, 2006. However, as Elyria points out, the City began enforcement proceedings against the Plaintiff on February 28, 2006 by executing notices of violations including a cease and desist order.

This circumstances in this case were directly addressed by the United States Supreme Court in the case of Doran v. Salem Inn, 422 U.S. 922 (1975). In that case, as in this one, the Plaintiff had filed a federal action alleging constitutional violations one day prior to the filing of an action in state court prosecuting them for violations of a town ordinance. The ordinance at issue in that case also dealt with ordinances regulating adult entertainment. The Doran court held that when a criminal prosecution is started on the days immediately following the filing of a

-3-

federal complaint, and no contested matter had been decided before the state prosecution began, the federal case is "squarely governed by <u>Younger</u>" and abstention is appropriate.

Therefore, as the Plaintiff is this case had already been served with a cease and desist order prior to the filing of the federal action, and state enforcement proceedings were officially started in the state court on the day immediately following the filing of the federal action, the <u>Younger</u> requirement that state court proceedings be pending is clearly satisfied. Pursuant to <u>Doran</u>, Plaintiff could have filed a federal suit challenging the constitutionality of the Elyria zoning ordinance if they had not chosen to violate the ordinance before making the challenge. By choosing to violate the ordinance first, and challenge it later, they invited the state enforcement action, and subjected themselves to the application of the abstention doctrine articulated in <u>Younger</u>.

B. The State Proceedings Involve an Important State Interest.

There is no dispute that the state proceedings in this case involve an important state interest. The Supreme Court has repeatedly recognized the regulation of sexually oriented adult entertainment involves a substantial governmental interest. <u>See</u>, e.g., <u>Young v. American Mini Theatres, Inc.</u>, 427 U.S. 50 (1976); <u>Renton v. Playtime Theatres, Inc.</u>, 475 U.S. 41 (1986); <u>City of Erie v. Pap's A.M.</u>, 529 U.S. 277, 296 (2000).

C. The State Proceedings Will Afford the Plaintiff an Adequate Opportunity to Raise his Constitutional Claims.

The Plaintiff has a full and fair opportunity to challenge the constitutionality of the Elyria ordinances in the enforcement action brought by the City in the state court action. In fact,

-4-

Plaintiff has already raised these issues as defenses to the enforcement action in those proceedings. In order to avoid abstention, Plaintiff bears the burden of showing that the state law clearly bars the interposition of constitutional claims. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14 (1987)(quoting Moore v. Sims, 442 U.S. 415, 425-26 (1979)). The City of Elyria brought a claim for injunctive relief in the Lorain County Court of Common Pleas to enjoin Plaintiff from violating the city's zoning ordinances. Plaintiff raised constitutional challenges to the ordinance as a defense in that action. There is no reason to believe that the state court will take seriously the constitutional issues raised in that action. See generally, City of Littleton v. Z.J. Gifts D-4, L.L.C., 541 U.S. 774, 782 (2004).

The Court has also considered Plaintiff's argument that the circumstances of this case create an exception to the Younger abstention doctrine. That argument is not well taken. Abstention clearly can be applied in First Amendment cases, and there is no indication that Elyria has acted in bad faith or with an intent to harass the Plaintiff. Further, the Ordinance at issue is not "flagrantly and patently violative of express constitutional provisions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it". Watson v. Buck, 313 U.S. 387, 402 (1941). Both the Supreme Court and the Sixth Circuit have recently upheld regulations as applied to sexually oriented businesses. See City of Littleton, 541 U.S. 774 (2004); Deja Vu of Cincinnati, L.L.C. v. Union Township, 2005 U.S. App. LEXIS 11807 (6th Cir., June 21, 2005). These are the only recognized exceptions to the Younger abstention doctrine. See Younger, 401 U.S. at 43-44.

## CONCLUSION

For the reasons stated above, the Plaintiff's Motion to Abstain (ECF #8) is GRANTED. This Case is therefore, dismissed, without prejudice. Each party to bear its own costs. IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: August 31, 2006